PENACHIO MALARA LLP
Anne Penachio, Esq.
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889

**HEARING DATE & TIME:**
**JULY 31, 2019 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:

    JOSE C. HERNANDEZ,

                  Debtor.
------------------------------------X

CHAPTER 13

CASE NO.: 18-23055 (SHL)

**NOTICE OF HEARING ON APPLICATION OF PENACHIO MALARA LLP, COUNSEL FOR THE DEBTOR FOR LEGAL FEES AND REIMBURSEMENT OF EXPENSES IN CONNECTION WITH LOSS MITIGATION**

    **PLEASE TAKE NOTICE**, that a hearing on the Motion of **PENACHIO MALARA LLP** (the "Firm"), counsel for **JOSE C. HERNANDEZ**, the above-captioned debtor (the "Debtor"), for approval of legal fees of $4,310.00 plus expenses of $75.51 incurred in connection with his Chapter 13 case and Loss Mitigation will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on the 31st day of July 2019 at 10:00 AM.

    **PLEASE TAKE FURTHER NOTICE** that the Firm seeks payment of compensation as an administrative expense under the Debtor's Chapter 13 plan.

    **PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the application must be made in writing, comply with the Bankruptcy Rules and Local Rules of this Court, be filed with the Clerk of the Bankruptcy Court and delivered to the Chambers of the Honorable Sean H. Lane, at the address set forth above, and served upon the undersigned so that it is received not later than seven (7) days prior to the return date.

Dated: White Plains, New York
      May 28, 2019

**PENACHIO MALARA LLP**

/s/ Anne Penachio
Anne Penachio, Esq.
Counsel to the Debtor
245 Main Street - Suite 450
White Plains, NY 10601
(914) 946-2889

PENACHIO MALARA LLP
Anne Penachio, Esq.
245 Main Street, Suite 450
White Plains, NY 10601
(914) 946-2889

**HEARING DATE & TIME:**
**JULY 31, 2019 at 10:00 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:                                                    CHAPTER 13

    JOSE C. HERNANDEZ,                    CASE NO.: 18-23055 (SHL)

              Debtor.
------------------------------------X

**APPLICATION OF PENACHIO MALARA LLP, COUNSEL FOR THE DEBTOR FOR LEGAL FEES AND REIMBURSEMENT OF EXPENSES IN CONNECTION WITH LOSS MITIGATION**

**TO: THE HONORABLE SEAN H. LANE**
    **UNITED STATES BANKRUPTCY JUDGE**

    The application for compensation (the "Application") of **PENACHIO MALARA LLP** (the "Firm"), counsel to **JOSE C. HERNANDEZ**, the debtor herein (the "Debtor"), respectfully represents as follows:

**I.**     **INTRODUCTION**

    1.     On July 10, 2018 the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11, United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this Court, and the case was ultimately referred to the Bankruptcy Judge herein.

    2.     Jeffrey L. Sapir was appointed Chapter 13 Trustee. Krista M. Preuss was thereafter appointed as successor trustee and continues to serve in that capacity.

    3.     The Debtor is an individual who filed for bankruptcy protection to

deal with mortgage arrears and consumer debts. The Debtor sought bankruptcy protection on an emergency basis shortly before a scheduled foreclosure sale. He had been denied a loan modification.

4. In the context of this Chapter 13 case, the Debtor sought Loss Mitigation with respect to his mortgage held by Planet Home Lending ("Planet Home").

5. In connection with the Debtor's Chapter 13 filing, counsel charged the Debtor a "flat fee" of $8,500.00 (which included the filing fee) for standard services. The fee excluded Loss Mitigation with Planet Home. The Debtor paid $3,500.00 in advance of the filing, with the balance to be paid under the Plan. A copy of the retainer is annexed hereto as Exhibit A.

6. The Debtor's case proved to be highly protracted. After several submissions, the Debtor was denied a loan modification. The Firm appealed the denial. The appeal was also denied by Planet Home. The Firm disagreed with the basis of the denial of the appeal and challenged same in a conference. Finally, the servicer reconsidered and the Debtor was granted a trial modification.

7. The Firm spent many hours and additional time on the Debtor's case which involved a slightly complex Loss Mitigation period. Counsel acknowledges that the fee sought may be higher than average fees charged in Chapter 13 cases. In this case, the additional fee is justified because the work involved in this case surpassed the time spent in usual cases and positive results were achieved. The Firm stood by the Debtor and advocated

---

1 The Firm's standard fee for Chapter 13 cases presently ranges from approximately $5,000.00 to $9,000.00 depending on the complexity involved and the needs of the individual debtor. Each Chapter 13 case typically requires an average of 20 hours of legal time from the initial intake interview through the claims review process and confirmation. I prefer a "flat fee" arrangement because it is inherently difficult to accurately calculate time expended on an individual case. This is especially so because counsel will often appear in Court on numerous matters at the same time. It is nearly impossible to "divide" time proportionately among the debtors.

on his behalf, challenging the denial and the appeal, to achieve the loan modification.

8. The process was time consuming and tedious and required counsel's personal attention as well as the attention of the Firm's Paralegal assistant. It was more complicated in this case than others because the Debtor's partner was required to submit financial documents.

9. On or about April 14, 2019, after being reconsidered for a modification, the Debtor was offered a trial period plan which commenced on May 1, 2018 and ends on July 1, 2019.

10. The Firm spent at least 15.4 hours attending to Loss Mitigation. The Firm anticipates spending additional time finalizing the process and obtaining Court approval. A copy of the Firm's time records are attached as Exhibit B.

11. The Firm seeks an award of $4,310.00 in additional fees and $75.51 in expenses. A copy of the expenses are attached hereto as Exhibit C.

12. The Debtor asks that the balance sought of $4,310.00 in fees and $75.51 in expenses be treated as an administration expense and paid by the Chapter 13 Trustee from the Plan. A total of $4,385.51 will be paid from the Plan. Even with the payment, the plan is a 100% plan providing distribution in full to creditors with allowed claims.

### III. THE APPLICATION

13. By this application (the "Application"), the Firm seeks approval of its compensation for services rendered in connection with Loss Mitigation in the amount of $4,385.51 to be paid through the Plan.

## IV. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

14. This Court has jurisdiction of the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). Venue in this district is proper pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are §§105, 327, 328, and 330 of the Bankruptcy Code and Local Rule 3015-a.

## V. ISSUES PRESENTED

15. This application presents the following two issues:

(i) Whether counsel should be compensated for services as sought?

(ii) Whether compensation can be paid under the Chapter 13 plan rather than from the Debtor directly?

## VI. DISCUSSION

### A. The Compensation Sought Should be Granted

16. Bankruptcy Code Section 330(a)(4)(B) provides that in a "chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the *debtor* in connection with the bankruptcy case based on consideration of the benefit and necessity of such services to the *debtor* and the other factors set forth in this section" (emphasis added).

17. Bankruptcy Code Section 330(a)(3) requires that a court examine the nature, extent and value of the services for which compensation is sought and make a determination of the amount of "reasonable" compensation based on such factors as (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of the case; (D) whether the services were performed

within a reasonable amount of time, and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in nonbankruptcy cases. *(See In re Thorn*, 192 B.R. 52 (Bankr. N.D.N.Y. 1995) generally for an analysis of compensation in Chapter 13 cases)[2]

18. Counsel bears the burden of proof to demonstrate entitlement to the requested fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *In re Bolton*, 43 B.R.598, 600 (Bankr.E.D.N.Y 1984). This Court has an obligation to examine the propriety of an attorney's fees, regardless of whether an objection is raised. *In re Thorn*, 192 B.R. 52, 55 (Bankr.N.D.N.Y.1995).

19. When the issues are not complex and the process is straightforward, an attorney is expected to exercise "billing judgment" and is encouraged to reduce its customary fees in appropriate circumstances to reflect a less substantial expenditure of the attorney's time. *Id.* at 56 (citing *Hensley*, 461 U.S. at 437); *see also In re Hirsch*, No. 1-02-17966, 2008 WL 5234057, *5 (Bankr.E.D.N.Y.2008).

20. The legal services performed by the Firm in connection with Loss Mitigation are set forth on Exhibit B hereto and include:

    a. Deal with complex, tedious and time consuming Loss Mitigation issues;

    b. Review Loss Mitigation procedures, prepare request, order, review and compile financial package, prepare status reports, appear in Court, challenge denial,

---

[2] It should be noted that *Thorn* was decided nearly 15 years ago, prior to the 2005 Amendments to the Code which place additional burdens on attorneys and imposes the "Means Test." It was also decided prior to the Model Chapter 13 plan and confirmation order presently required by the Court. Given the changes in the law, it is submitted that while the analysis set forth in *Thorn* remains sound, the Court's reduction of fees may not be justified if the case were decided today.

challenge appeal denial; and

c.  Review modification and draft approval of same.

21. Anne Penachio performed at least 8 hours on the Debtor's behalf in connection with Loss Mitigation for which additional compensation is sought. She was admitted to practice in New York before this Court in 1992 and in Connecticut in 1991. She obtained a Bachelor of Arts degree from Fordham University in 1988 and a Juris Doctor degree from Fordham University School of Law in 1991. Ms. Penachio's hourly billing rate for Chapter 13 cases is $400.00 per hour.

22. Francis J. Malara graduated from Pace Law School in 2006 and Fairfield University in 1992. Prior to starting law school in 2002, for approximately 10 years, Mr. Malara operated a successful golf retail business based in Manhattan. He holds an LLM in bankruptcy from St. John's Law school. Francis J. Malara's hourly billing rate for Chapter 13 cases is also $400.00 per hour.

23. Jennifer Raggo graduated from Marist College in 2009. She is a licensed paralegal completing the Paralegal program at Pace University in 2012. She devoted 7.4 hours to this proceeding for which the Firm is billing. Ms. Raggo's hourly billing rate for this Chapter 13 case is $150.00 as expressly stated in the retainer. She has assisted the Firm in achieving at least 100 loan modifications through the Loss Mitigation program.

24. It is respectfully submitted that the services rendered and expenses incurred by the firm clearly satisfy the requisite standards of reasonableness including, inter alia, the following: the time and labor required *(the Loss Mitigation Process is time consuming)*; the novelty and difficulty of the questions and matters resolved *(the Loss Mitigation process and issues under HAMP are somewhat complex)* ; the skill required to

perform the services properly *(the representation of the Debtor, while not necessarily requiring special skills or implicating sophisticated issues, took time, energy and patience)*; the experience, reputation and ability of the attorneys performing the services *(it is submitted that counsel possesses the requisite skill and expertise)*; the fees charged and fee awards in similar cases and the time involved *(the fee charged is less than counsel's standard billing rate)*; and the results obtained *(the results are successful)*.

25. To the best of counsel's knowledge, information and belief, this Application complies with the Guidelines promulgated by the Office of the United States Trustee; the fees and disbursements sought herein are billed at rates and in accordance with practices customarily employed by counsel and generally accepted by her clients.

**B.  Compensation Should be Paid from the Plan as an Administrative Expense**

26. The standard for determining compensation of a Chapter 13 debtor's counsel is different than the standard utilized in Chapter 11 cases. Services of the Chapter 13 counsel need not benefit the estate generally, so long as the services benefit the debtor. *See In re Herbert*, 2009 WL 1941978 (Bankr. E.D.N.Y. 2009).

27. As a result of counsel's efforts, substantial benefits have been conferred upon the Debtor. Creditors have also benefitted from Loss Mitigation indirectly. Through Loss Mitigation, the Debtor is able to remain in his Home and continue making payments under his plan.

28. Pursuant to Local Rule 3015-a, it is appropriate that the Firm be paid under the Plan.

29. The results achieved in this case included the confirmation of the Debtor's plan with a projected distribution of 100%.

30. There is no agreement between my Firm and anyone else to share fees. Moreover, the expenses sought are reasonable and ordinary and comply with the Guidelines

## IV. <u>NOTICE OF APPLICATION AND WAIVER OF MEMORANDUM OF LAW</u>

31. Notice of this application has been served upon the Debtor, all creditors who filed claims, all creditors listed on the Debtor's schedules, all parties who have filed a notice of appearance, and the Office of the United States Trustee.

32. Because the issues presented do not present novel issues of law or fact, it is respectfully requested that this Court waive the requirement for the filing of a memorandum of law.

**WHEREFORE**, the Debtor respectfully request that this Court enter an order (i) granting the Firm an award in the amount of $4,310.00 for professional services rendered to the Debtor's estate plus expenses of $75.51; (ii) authorizing and directing the Trustee to pay the Firm an additional amount above the "flat fee" agreed to of $4,385.51 through the Debtor's Plan; and (iii) granting such other and further relief as is just and proper.

Dated: White Plains, New York
       May 28, 2019

**PENACHIO MALARA, LLP**
/s/ Anne Penachio
Anne Penachio, Esq.
Counsel for the Debtor
245 Main Street-Suite 450
White Plains, NY 10601
(914) 946-2889