PENACHIO MALARA LLP
Counsel for the Debtor
245 Main Street, Suite 450
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| In re: | CHAPTER 13 |
|     JOSE C. HERNANDEZ, | Case No.: 18-23055 (RDD) |
| Debtor. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE DEBTOR'S APPLICATION FOR AN ORDER MODIFYING HIS CONFIRMED CHAPTER 13 PLAN TO EXTEND PAYMENT TERM UNDER THE CARES ACT**

TO:    THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE

     The application of **JOSE C. HERNANDEZ**, the above-referenced debtor (the "Debtor"), through his counsel, **PENACHIO MALARA LLP**, for approval of modification of his Chapter 13 plan to extend the commitment period pursuant to the CARES ACT dated March 27, 2020 as amended, respectfully sets forth and alleges as follows:

**I.**     **DEBTOR'S BANKRUPTCY BACKGROUND**

     1.     On July 10, 2018, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") with the Clerk of this Court. The case was referred to the Bankruptcy Judge herein.

     2.     The Debtor is employed as a sales representative. His wife is employed as a health care worker. They have 3 children who are approximately 10, 8 and 6 years of age.

1

3. The Debtor's financial reverses were precipitated by a combination of factors including (i) setbacks in the economy; (ii) job loss; (iii) increased costs including utilities and interest rates on his mortgage as well as repairs to the home; and (iv) a failed business venture.

4. The Debtor's primary asset is his residence, a single family home at 681 N. Broadway, Yonkers, NY 10701 (the "Home"). During this case, after a protracted and at times contentious Loss Mitigation process, the Debtor received a loan modification from Planet Home Funding. Upon information and belief, he is substantially current with the payments.

5. The Debtor's Chapter 13 plan, as amended, was confirmed on or about November 22, 2019 (the "Plan'). It requires the Debtor to make payments of $375.00 for 12 months and $250.00 for 48 months.

6. The Plan provides for a 100% distribution to creditors. The Debtor's obligations, other than Planet Home Funding, are limited. Unsecured claims total only $6,313.71. A copy of the Worksheet is annexed hereto as Exhibit A. (Note: Counsel voluntarily reduced its fee for Loss Mitigation due so that it could be a 100% plan).

7. At a hearing on or about June 11, 2020, the Trustee indicated that the was 1 1/2 payments behind. The Debtor maintains that he is current. However, he also indicated that he is struggling due primarily from financial hardship caused by the COVID-19 pandemic. He has not been able to work his position in sales. His children have not been able to attend school requiring his supervision. A supporting affirmation from the Debtor explaining his difficulties in further detail will be filed and served. A copy of the proposed amended plan will be filed and served (the "Second Amended Plan").

8. Like the Plan, the Debtor's Second Amended Plan provides for payment in full to creditors who, with Trustee's commission, are due slightly less than $16,500.00. The proposed payments are as follows:

| Amount | Number of Months | Period | Total |
|---|---|---|---|
| $375.00 | 12 | 8/10/18- 7/10/19 | $4,500.00 |
| $250.00 | 7 | 8/10/19-2/10/20 | $1,750.00 |
| $180.00 | 65 | 3/10/20-7/10/25 | $11,700.00 |
| TOTAL | | | $17,950.00 |

9. Counsel will seek a flat fee in the reduced amount of $1,250.00 for making this application, conferring with the Debtor, and drafting amending and serving the Amended Plan.

**THE AMENDED PLAN SHOULD BE CONFIRMED**

10. It is submitted that the proposed modified terms are fair and reasonable.

11. The CARES Act permits a Chapter 13 debtor whose plan was confirmed as of the date of enactment of the CARES Act (March 27, 2020) to seek modifications of her plan due to COVID-19-related hardships. Specifically, the CARES Act adds subsection (d)(1) to 11 U.S.C. § 1329 to permit a debtor to modify a confirmed plan, after notice and a hearing, if such debtor is experiencing a "material financial hardship" due, "directly or indirectly," to the COVID-19 pandemic.

12. 11 U.S.C. § 1329(d)(1) provides in pertinent part as follows:

"(d) (1) Subject to paragraph (3), for a plan confirmed prior to the date of enactment of this subsection, the plan may be modified upon the request of the debtor if—

"(A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and

"(B) the modification is approved after notice and a hearing.

"(2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

13. In this case, the Debtor is has faced financial hardship, as detailed in his affirmation to be filed and served herewith. Although the proposed reduction in monthly payments from $250.00 to $180.00 per month is fairly small ($70.00 per month), it will ease the financial pressure on the Debtor.

**WHEREFORE,** the Debtor respectfully requests that this Court: (i) approve the Amended Plan; and (ii) grant such other and further relief as may be just and proper.

Dated: White Plains, New York
      June 17, 2020

                                       **PENACHIO MALARA, LLP**
                                       By: /s/ Anne Penachio
                                             Anne Penachio
                                             Counsel for the Debtor
                                             245 Main Street, Suite 450
                                             White Plains, NY 10601
                                             (914) 946-2889